**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Jessica Lynn Huth, | Case No. 2:21-cv-00966-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Mary Allyson Parham, et al., | |
| Defendants. | |

This is a personal injury action arising out of a car accident between Plaintiff Jessica Lynn Huth and Defendant Mary Allyson Parham, who was driving a U.S. Air Force-owned vehicle. Plaintiff sues Defendants for damages, alleging negligence; negligent entrustment; respondeat superior; and negligent hiring, training, and supervision. Defendants move to strike Plaintiff's expert witnesses, arguing that Plaintiff's disclosures were late. Because the Court finds that Plaintiff has neither shown good cause or excusable neglect to extend the deadline nor met the expert disclosure requirements, it grants Defendants' motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

From the start of this case, the parties emphasized the importance of organized expert disclosures. (ECF No. 14 at 1). In their discovery plan and scheduling order, the parties requested special scheduling for a three-step expert and rebuttal expert disclosure plan, along with thirty additional days to accommodate the three-step approach. (*Id.*). Nonetheless, Plaintiff missed her initial disclosure deadline and her expert disclosure deadline, after which Defendants moved to strike her expert disclosures. (ECF No. 17).

Plaintiff's expert disclosures were due on September 24, 2021. (ECF No. 14 at 2). Defendants' expert disclosures were due on October 24, 2021. (*Id.*). Discovery ended on

1 December 23, 2021.  (*Id.*).  Plaintiff never moved to extend these deadlines.  As Defendant

2 explains, Plaintiff provided her initial disclosures on October 11, 2021, seventeen days after the

3 expert deadline and six months after filing her complaint.  (ECF No. 17 at 2-3).  She then

4 provided her designation of expert witnesses—comprised of her treating physicians—on October

5 14, 2021, twenty days after the expert deadline and ten days before Defendants were scheduled to

6 disclose their experts.  (*Id.*).  Plaintiff provided no explanation why the disclosures were late.

7 (*Id.*).  Additionally—although Defendant does not address it—the Court's review of her initial

8 disclosures and expert designation reveals that the initial disclosures did not identify experts and

9 the designation of experts did not include the requisite reports.  (ECF No. 17-1 at 4; ECF No. 17-

10 2).

11  In response to Defendants' motion, Plaintiff seems to argue that missing the initial

12 disclosure and expert disclosure deadlines was harmless because she had sent a demand letter

13 including her medical records to Defendants on October 24, 2019.  (ECF No. 18 at 4).  She argues

14 that "it is reasonable to assume that Defendant knew Plaintiff would disclose her treating medical

15 providers" and thus "Defendants' anticipated experts to challenge Plaintiff's medical damages is

16 likely unchanged."  (*Id.* at 6).  While Plaintiff cites to the excusable neglect and good cause

17 standards for missing her deadline, she does not explain why she missed the deadline other than

18 blaming a vague "scheduling conflict" and "calendaring error."  (*Id.* at 5-6).  Plaintiff also asks

19 the Court to extend the expert disclosure deadlines by thirty days.  (*Id.* at 7-8).

20  Defendants point out in reply that Plaintiff's reasons for missing her deadlines—

21 "scheduling conflict" and "calendaring error"—are inconsistent and insufficient.  (ECF No. 19 at

22 3).  They argue that the Court should deny the request to extend the expert disclosure deadline

23 because Plaintiff has given no reason why she missed it, let alone why it should be extended.  (*Id.*

24 at 4).  Finally, because Defendants were not able to disclose their own experts in response to

25 Plaintiff's, they assert that Plaintiff's error was not harmless.  (*Id.* at 6).

26

27

28

1

2

## II.     Discussion.

### A.     The Court denies Plaintiff's request to extend deadlines.

3

4

5

6

7

8

9

10

11

12

13

A request to extend deadlines in the court's scheduling order must be supported by a showing of good cause for the extension.  Local Rule 26-3; *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  The "good cause" inquiry focuses mostly on the movant's diligence.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.  While prejudice to the opposing party may also be considered, when the movant "fails to show diligence, the inquiry should end." *Coleman*, 232 F.3d at 1295 (internal quotations and citations omitted).  Further, to seek an extension of an expired discovery deadline, the movant must make both a showing of good cause and demonstrate that the failure to act before the deadline expired was the result of excusable neglect.  LR 26-3.

14

15

16

17

18

19

20

21

22

23

24

25

The Court denies Plaintiff's request to extend the expert disclosure deadline because Plaintiff has neither made a showing of good cause nor excusable neglect.  Plaintiff has not attempted to explain whether she was diligent in disclosing her experts or moving for an extension.  To the contrary, Plaintiff has not moved to extend any deadlines in this case, made her initial disclosures late (and only a few days before Defendants were scheduled to disclose their experts), and then disclosed a deficient list[1] of her experts a few days later.   Although Plaintiff cites the good cause and excusable neglect standards in her response to Defendants' motion, the only reasons she provides for missing her deadlines are a "calendaring error" and "scheduling conflict"  (ECF No. 18 at 5-6).  Otherwise, Plaintiff provides no explanation.  Worse, the parties explicitly considered a staggered expert disclosure deadline at the start of their case, requesting special scheduling to avoid litigation over their expert disclosures.  (ECF No. 14 at 1, 2).  With expert disclosures so prominently considered in scheduling this case, Plaintiff's lack of

26

27

28

---

[1] As discussed more fully below, Plaintiff's expert disclosures were not only late, but they were also deficient under Rule 26(a)(2)(B).

1   explanation and diligence is even more glaring.  The Court thus denies Plaintiff's request to

2   extend the expert disclosure deadline.

3             ***B.***       ***The Court grants Defendants' motion to strike Plaintiff's experts.***

4           Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person

5   who may be used as an expert witness.  Fed. R. Civ. P. 26(a)(2).  For each disclosed expert, Rule

6   26(a)(2)(B) requires that the disclosure be accompanied by a written report prepared and signed

7   by the witness.  Fed. R. Civ. P. 26(a)(2)(B).  Expert reports are required to eliminate unfair

8   surprise to the opposing party and to conserve resources.  *Gilbert v. Spirit Airlines, Inc.*, No. 2:12-

9   cv-00930-JCM-PAL, 2013 WL 5718895, at *2 (D. Nev. Oct. 18, 2013).

10          Federal Rule of Civil Procedure 37 authorizes sanctions for a party's failure to make

11  disclosures or cooperate in discovery.  Fed. R. Civ. P. 37.  Under Rule 37(c)(1), "[i]f a party

12  failed to…identify a witness as required by Rule 26(a)…the party is not allowed to use that

13  information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure

14  was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The burden is on the party

15  facing discovery sanctions under Rule 37(c)(1) to prove harmlessness.  *Torres v. City of Los*

16  *Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).  The severity and degree of a sanction under Rule

17  37(c)(1) is up to the discretion of the district court.  *See Gilbert*, 2013 WL 5718895, at *2 (citing

18  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) and *Keener v. United States*, 181

19  F.R.D. 639, 641 (D. Mont. 1998)).  Exclusion of an expert's testimony for failure to comply with

20  the requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion

21  under Rule 37(c)(1) even in the absence of bad faith or willfulness.  *Gilbert*, 2013 WL 5718895,

22  at *3 (citing *Yeti by Molly Ltd. v. Dekcers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001)).

23          In *Gilbert v. Spirit Airlines*, the Honorable Magistrate Judge Peggy A. Leen considered

24  the complexity of the case and the availability of medical records in striking a deficient expert

25  report.  *See Gilbert*, 2013 WL 5718895, at *4-5.  The case involved negligence, negligence per

26  se, and wrongful death claims for the death of the plaintiffs' mother while aboard a plane.  *See id.*

27  Plaintiffs' experts included aviation and air safety experts along with pathology, cardiology,

28  psychology, and psychiatry experts.  *See id.*  The court found ultimately that excluding the

1  plaintiffs' expert would not be detrimental to the plaintiffs' case because the case was not

2  complex. *See id.* It also noted that Plaintiffs' counsel would have access to all the information

3  about which Plaintiffs' experts would presumably testify. *See id.* The court explained that

4  Plaintiffs' experts in pathology and cardiology would have likely offered opinions about the

5  decedent's medical condition, cause of death, and appropriate treatments along with Plaintiffs'

6  emotional distress, "information [already] uniquely available to the Plaintiffs." *Id.*

7      The Court grants Defendants' motion to strike because, not only were Plaintiff's

8  disclosures late, but they were also deficient. Defendant does not address the fact that Plaintiff's

9  disclosures were not accompanied by a written report for each witness as required under Rule

10  26(a)(2)(B). Nonetheless, the Court addresses this issue because Plaintiff seems to suggest that,

11  because she sent Defendant her medical records in 2019, Defendant should have been prepared to

12  address Plaintiff's experts. This argument is without merit and ignores that "[e]xpert reports are

13  required to eliminate unfair surprise to the opposing party." *Gilbert*, 2013 WL 5718895, at *2.

14  Just because Plaintiff disclosed medical records does not mean that Defendant should have

15  designated experts in anticipation that Plaintiff would employ her physicians as experts.

16  Plaintiff's provision of her medical records does not make up for the fact that she never disclosed

17  her expert reports as required under Rule 26(2)(b), which alone is sanctionable.

18      To Plaintiff's argument that excluding her experts is an "extreme sanction," for which

19  argument she cites to Third Circuit precedent, Plaintiff's case is not complex, and she is not

20  without the evidence to establish her medical claims. (ECF No. 18 at 5-6). Plaintiff's case is

21  even less complex than the one in *Gilbert* which involved a wrongful death claim and a decedent

22  who could not testify on her own behalf. Plaintiff's case involves primarily negligence claims,

23  there is no indication that witnesses are unavailable, and Plaintiffs experts have all issued their

24  opinions on Plaintiff's medical condition in the form of medical records. And like the court

25  determined in *Gilbert*, here, excluding Plaintiff's experts will not be detrimental. Plaintiff's

26  experts—as her treating physicians—would presumably offer opinions consistent with Plaintiff's

27  medical records. Because this information is already uniquely available to Plaintiff, her argument

28

1    that excluding her experts is an "extreme sanction" is not persuasive.  The Court thus grants

2    Defendants' motion to strike.

3

4          **IT IS THEREFORE ORDERED** that Defendants motion to strike (ECF No. 17) is

5    **granted.**

6

7          DATED: January 5, 2022

8          _____
           DANIEL J. ALBREGTS
9          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28